**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

IN RE:

NORMAN ARTHUR STEELE, JR.,                    CASE NUMBER:      04-32053PNS3

      Debtor.

_____/

**ORDER GRANTING TRUSTEE'S MOTION TO DISMISS**

THIS MATTER came before the court on October 13, 2004 on the Trustee's Motion to Dismiss the case based on improper venue pursuant to 28 U.S.C. §1408. This Court has jurisdiction over this matter and this is a core proceeding under 28 U.S.C. §1334 and 28 U.S.C. §157(b)(1). For the reasons set forth herein, the Motion to Dismiss shall be GRANTED.

FACTS

The facts of the case are straightforward and uncontroverted. Arthur Steele ("the Debtor") filed for Chapter 7 relief on August 9, 2004. The Debtor last resided at 6431 Sea Breeze Avenue, Spring Hill, FL, in the Middle District of Florida, from November 2001 through June 2003. Since then he has been traveling the country in a motor home and has not had a physical presence in any one place sufficient to establish residency. The Debtor's only contacts with the Northern District of Florida prior to the filing of this case consist of obtaining a mail box with a mail forwarding service and obtaining a driver's license and vehicle registration with the address of the mail forwarding service. The Debtor's only physical presence in the Northern District of Florida was to procure the above mentioned items, meet with his bankruptcy attorney, and attend his §341 meeting of creditors. The Trustee filed a Motion to Dismiss on October 13, 2004 for improper venue. A hearing was held on November 11, 2004, on the Trustee's Motion to Dismiss.

DISCUSSION

The issue before me is whether the Debtor is a resident or domiciliary of the Northern District of Florida. If he is, then venue is proper pursuant to 28 U.S.C. §1408, and he may file a petition in this District. I find that the Debtor is neither a resident nor a domiciliary of the Northern

District of Florida and therefore is not entitled to file a petition in this District.

The requirements of proper venue in a bankruptcy case are found in §1408, which in relevant part provides:

> a case . . . may be commenced in the district court for the district (1) in which the domicile, residence, principal place of business in the United, or principal assets in the United States of the person . . . that is the subject of such case have been located for the one hundred and eighty days immediately preceding such commencement, or for a longer portion of such one-hundred-eighty-day period than the domicile, residence . . . of such person were located in another district.

28 U.S.C. §1408.  Venue may be found where a debtor has his  principle place of business or where his principal assets are located, however this discussion is limited to the consideration of the Debtor's domicile and residence because he makes no claim of having a business or assets in this district. Although the terms domicile and residence are often used interchangeably, "the specific enumeration of each in section 1408(1) indicates an intention to maintain the legal distinction between them."  *Colliers on Bankruptcy* ¶ 4.01(2)(c) (15th ed. rev. 2004).  Venue is proper in a district where a debtor is either a domiciliary or a resident or both.

The most straightforward way to establish venue requires the Debtor to maintain a  residence in the District in which he files.  Black's Law Dictionary defines residence as the "[p]lace where one actually lives or has his home; a person's dwelling or place of habitation."  Black's Law Dictionary (6th ed. 1990 ).  The Debtor has never actually lived in or made a home in the Northern District. Moreover, "[t]he fact that a person . . . arranges for his mail to be left . . . does not convert him into a resident of that address."  *Williams v. General Insurance Co.*, 468 So. 2d 1033, 1034 (Fla. 3rd DCA 1985).  Based on the foregoing the Debtor is not entitled to file a petition in this district based upon his residence.

The only other way for this Debtor to establish venue is to be domiciled in this district.   The difference between domicile and residence is that domicile requires not only residence in a place but also the intent to remain indefinitely.  *Leffingwell v. Leffingwell*, 279 B.R. 328 (Bkrtcy. M.D. Fla. 2002); *Weiler v. Weiler*, 861 So. 2d 472, 476 (Fla. 5th DCA 2003); *In re Henderson*, 197 B.R. 147, 151 (Bkrtcy. N.D. Ala. 1996).  The Debtor meets neither of the requirements for domicile in the Northern District of Florida.  As noted above, he has never had a residence in this district and has never manifested any intent to remain in the district temporarily, much less indefinitely.  Therefore,

the Debtor is a not a domiciliary of the Northern District of Florida.  However, "[e]very man must have a domicile somewhere, and he can have but one."  *Swift & Co. V. Licklider*, 7 F. 2d 19, 20 (4th Cir. 1925); See also *In re Ring*, 144 B.R. 446, 449 (Bkrtcy. E.D. Mo. 1992).  That one domicile remains until a new domicile is acquired.  *Licklider*, 7 F. 2d at 20; *Weiler*, 861 So. 2d at 477; *Ring*, 144 B.R. at 449.  It does not appear that the Debtor has established a new domicile since leaving from Spring Hill in 2003.  Therefore, his domicile most likely remains in the Middle District of Florida which precludes him establishing proper venue in the Northern District of Florida based upon domicile.  Accordingly, it is

ORDERED AND ADJUDGED that this Motion to Dismiss is GRANTED.

DONE AND ORDERED at Tallahassee, Florida this __1st__ day of December, 2004.

Lewis M. Killian, Jr.
United States Bankruptcy Judge

cc:    Amy Logan Sliva
       Sherry Chancellor
       United States Trustee
       All creditors & parties

-3-